UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MICHAEL SMITH,

    Plaintiff,

    v.

SAN FRANCISCO UNIFIED SCHOOL DISTRICT

    Defendant.
_____/

No. C 03-3715 PJH

**ORDER DENYING REQUEST FOR RECONSIDERATION**

The court is in receipt of a motion for reconsideration by plaintiff Michael Smith, pursuant to Federal Rule of Civil Procedure 60(b). Plaintiff seeks an evidentiary hearing to present evidence that he claims was discovered only after the court granted summary judgment for defendant in the above-entitled action. He also raises several claims of "fraud on the court." The court finds that the motion must be DENIED.

**BACKGROUND**

Plaintiff filed this action on August 8, 2003, alleging unlawful termination and retaliation, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq.; and violation of various other federal and state law claims.

On December 17, 2004, defendant filed a motion for summary judgment, noticing the hearing for January 26, 2005. Plaintiff filed an opposition to the motion more than two weeks late, on January 21, 2005, along with a request for leave to file a late opposition. Because defendant's counsel had not received a copy of the opposition by the date of the hearing, the court allowed defendant an additional seven days to file its reply to the opposition.

On February 4, 2005, the court granted defendant's motion for summary judgment.

The judgment was entered on February 7, 2005. On February 15, 2005, the court denied plaintiff's motion for reconsideration. Also on February 15, 2005, plaintiff filed a motion for judgment on the pleadings. On March 1, 2005, plaintiff filed a motion for reconsideration of the final judgment, under both Rule 59(e) and Rule 60(b).

On March 7, 2005, plaintiff filed a notice of appeal of the final judgment. On March 9, the court denied the Rule 59(e) motion as untimely, and denied the Rule 60(b) motion on the ground that the filing of the appeal had divested the district court of jurisdiction.

On July 18, 2006, the Ninth Circuit filed a memorandum disposition affirming the judgment. Plaintiff filed a motion for rehearing, which the Ninth Circuit denied on August 18, 2006. Plaintiff then filed a motion to stay the mandate, which the Ninth Circuit denied on September 14, 2006. The mandate issued on October 10, 2006.

On December 20, 2006, plaintiff filed the present motion for reconsideration.

**DISCUSSION**

A.  Legal Standard

A district court may reconsider its grant of summary judgment under either Federal Rule of Civil Procedure 59(e) (motion to alter or amend a judgment) or Rule 60(b) (relief from judgment), as appropriate. School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc., 5 F.3d 1255, 1262 (9th Cir. 1993). A motion to alter or amend judgment pursuant to Rule 59(e) must be filed within ten days of the entry of judgment. Fed. R. Civ. P. 59(e). Because summary judgment was granted on plaintiffs' federal claims on August 13, 2003, a Rule 59(e) motion would be untimely. Where the Rule 59(e) deadline has passed, a party seeking amendment of the judgment can move under Rule 60(b).

Rule 60(b) provides, in relevant part,

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no

longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken.

Fed. R. Civ. P. 60(b).

In this court, the standards set forth in Civil Local Rule 7-9 also apply to a motion for reconsideration. A party seeking reconsideration must show either a) that at the time of the motion, a material difference in fact or law exists from that which was presented to the court before entry of the interlocutory order from which relief is sought; or 2) the emergence of new material facts or a change of law occurring after the time of such order; or 3) a manifest failure by the court to consider material facts or dispositive legal arguments which were presented to the court before such interlocutory order. Civ. L.R. 7-9(b).

B.   Plaintiff's Motion for Reconsideration

Plaintiff raises seven grounds that he asserts provide adequate reason for the court to reconsider its order granting defendants' motion for summary judgment. The court finds that none of these grounds have any merit.

First, he argues that the court "robbed [him of his] Constitutional Right to a Fair Trial" when it stated in the order granting summary judgment that the complaint was filed on August 8, 2003. Plaintiff claims that he signed the complaint on July 15, 2003, and that the court's "mis-statement" prejudiced his case." He also contends that the court stated at the hearing on the motion for summary judgment that he had filed a "second complaint" on August 15, 2003, and that this statement constituted fraud on the court.

Second, plaintiff asserts that defendant's attorney did not sign or date the proof of service attached to defendant's motion for summary judgment, and that therefore, plaintiff was not served with notice of the motion. Plaintiff also contends that the clerk's docket reflects that the motion was filed on December 17, 2004, but that it was not entered until December 27, 2004. Plaintiff claims that this delay between the filing of the motion and its entry on the docket violates the Federal Rules of Civil Procedure and the Civil Local Rules, and constitutes fraud on the court.

3

Third, plaintiff argues that the proposed order that was submitted by defendant with the motion for summary judgment was not signed by an attorney or dated. Plaintiff claims that this is a "substantive violation" of Federal Rules of Civil Procedure 26, 11, and 7, and that the motion should be stricken because it is not admissible evidence.

Fourth, plaintiff contends that the defendant's motion was not entered on the clerk's docket at least 35 days in advance of the noticed hearing date. He claims that this constitutes fraud on the court, because it caused the "internal workings" of the court to "malfunction" and render an erroneous judgment. He asserts that the court "struck" his own motion for summary judgment, filed May 25, 2004, because he had not noticed the hearing at least 35 days from the date the motion was filed, and that the court should not have permitted defendant's motion to go forward on January 26, 2005, because the date of entry was less than 35 days earlier.

Fifth, plaintiff claims that the court ordered defendant's counsel to file a new motion for summary judgment, but that defendant's counsel failed to do so, and instead filed "further declarations" in support of summary judgment with defendant's reply to the opposition. Plaintiff asserts that this failure to comply with an order of the court constitutes fraud on the court. He also contends that he should have been permitted to file a response to the "further declarations" filed with defendant's reply brief, and to the additional arguments contained in the reply brief.

Sixth, plaintiff argues that because defendant did not address the claims under 42 U.S.C. § 1983 in its motion, those claims have not been addressed by the court and are still in the case.

Seventh, plaintiff asserts that defendant "coerced" him into participating in a settlement conference in March 2004, long before discovery was completed. He claims that this "coerced" settlement conference violated the Federal Rules of Civil Procedure because he was forced to negotiate before he had the benefit of knowing what evidence defendant planned to present at trial; and also violated his Fourteenth Amendment due process rights and his Sixth Amendment right to prepare a defense.

4

Of these seven grounds, most could have been raised on appeal. In addition, the motion is untimely. The order granting defendant's motion for summary judgment was filed on February 4, 2005, almost two years before plaintiff filed this motion for reconsideration. Under Rule 60(b), a motion for reconsideration on the basis of newly-discovered evidence, mistake, or fraud must be made within one year of the original order. The one-year period is not tolled during any appeal. Nevitt v. United States, 886 F.2d 1187, 1188 (9th Cir. 1989).

Moreover, even were the motion not time-barred, it would not be granted because plaintiff has not shown that grounds exist to justify reconsideration. A motion for reconsideration of an order granting summary judgment is treated similarly to a motion for a new trial, requiring evidence or argument that could not have been presented earlier. See Schwarzer, Tashima & Wagstaffe, Federal Civil Procedure Before Trial § 14:362.1 (2006). Moreover, the evidence must be of such magnitude that production of it earlier would have been likely to change the disposition of the case. Coastal Transfer v. Toyota Motor Sales, 833 F.2d 208, 210 (9th Cir. 1987). Plaintiff has not identified any such new evidence.

To the extent that plaintiff bases his motion on assertions of "fraud upon the court," it is true, as plaintiff asserts, that the one-year limitations period does not apply. The "savings clause" of Rule 60(b) provides that the rule "does not limit the power of a court . . . to set aside a judgment for fraud upon the court." Fed. R. Civ. P. 60(b). A Rule 60(b) motion that claims fraud upon the court is not subject to the one-year limitations period. See Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 640 n.10 (N.D. Cal. 1978).

"Fraud on the court" is construed narrowly in order to preserve the finality of judgments. Luttrell v. United States, 644 F.2d 1274, 1276 (9th Cir. 1980). It involves tampering with the administration of justice. Alexander v. Protective Nat'l Ins. Co. of Omaha, 882 F.2d 421, 424 (9th Cir. 1989). "Fraud upon the court" is defined "in terms of its effect on the judicial process, not in terms of the content of a particular misrepresentation or concealment," and is "limited to fraud that does, or at least attempts to, defile the court itself or that is perpetrated by officers of the court so that the judicial

5

1  machinery can not perform in the usual manner its impartial task of adjudging cases."
2  Moore's Federal Practice (3d ed. 2006) § 60.21[4][a].

3  Plaintiff has not articulated any facts establishing fraud upon the court.  The claim
4  that the court stated at the summary judgment hearing that plaintiff had filed a "second
5  complaint" is not supported by the transcript of the hearing.  Moreover, plaintiff has not
6  explained how this alleged statement involved tampering with the judicial process.

7  The claim that the delay between the "filing" of defendant's motion and the "entry" of
8  the motion on the docket constitutes fraud upon the court is without merit.  The important
9  date for purposes of motion practice is the date a motion is filed.  The entry of the
10 document on the docket is an administrative function.  The likely explanation for the delay
11 in this case is the fact that the clerk's office operates with lighter-than-usual staffing over
12 the Christmas holidays.

13 The claim that defendant's counsel's alleged failure to comply with an order of the
14 court constitutes fraud upon the court is similarly baseless.  If a party fails to comply with a
15 court order, it is up to the court to correct that failure.  However, such a failure does not
16 constitute fraud upon the court.

## CONCLUSION

18 In accordance with the foregoing, the court DENIES plaintiff's motion for
19 reconsideration.  The date for the hearing on the motion, previously noticed for January 31,
20 2007, is VACATED.

21 The court will entertain no further motions in this case.

23 **IT IS SO ORDERED.**

24 Dated: December 22, 2006

PHYLLIS J. HAMILTON
United States District Judge

6